```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| AARON WILSON ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:08-238-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF KENTUCKY, ) | **AND ORDER** |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**  **  **  **  **

This matter is before the Court on Defendants' motion for partial dismissal of Plaintiff's supplemental state law claims asserted under the Kentucky Civil Rights Act, KRS Chapter 344, (the "KCRA claim") [Record No. 4]. Plaintiff responded [Record No. 5] and Defendants replied. [Record No. 6]. The matter is now ripe for review.

As grounds for this motion, Defendants state that the Commonwealth of Kentucky has not waived its sovereign immunity under the Eleventh Amendment to allow the KCRA claims to be heard in federal court.

I.   STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004)

(quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim to relief that is plausible on its face," then the claims must be dismissed. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, ---, 127 S. Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hosp., Inc. v. Tri-State Physicians Network, Inc*., No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007).

**II. ANALYSIS**

In his Complaint, Plaintiff avers Defendants discriminated against him on the basis of his race and discharged him in retaliation for filing a grievance against his employer in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the KCRA, KRS Chapter 344. The named Defendants are the Commonwealth of Kentucky and the Justice and Public Safety Cabinet, which is an executive level Cabinet of the Commonwealth created pursuant to KRS Chapter 15A.

The Eleventh Amendment precludes a state from being sued in federal court absent that state's consent to suit or abrogation by

Congressional act pursuant to the exercise of a valid Constitutional power. *Alden v. Maine*, 527 U.S. 706, 755-56 (1999); *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). A state that has waived Eleventh Amendment immunity and consented to suit in state court may retain its immunity from suit in federal court. *Id.*; *Lanier v. Ky. Comm'n on Human Rights*, No. 3:06-cv-602, 2007 WL 2407274, *3 (W.D. Ky. Aug. 20, 2007). Kentucky has waived immunity in state courts for KCRA claims. *Dep't of Corrections v. Furr*, 23 S.W.3d 615, 618 (Ky. 2000). However, a state must specify "by the most express language" its intention to waive Eleventh Amendment immunity and subject itself to suit in federal court. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Nihiser v. Ohio E.P.A*, 269 F.3d 626, 628 (6th Cir. 2001). Eleventh Amendment immunity applies to both the state and its departments and agencies. *Dubuc v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003); *see Mount Health City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity extends to agencies acting as arms of the state). Kentucky has not waived its immunity from suit in federal court for claims under KRS Chapter 344.

In this case, Wilson does not dispute that the Cabinet for Justice and Public Safety is an arm of the Commonwealth of Kentucky. Rather, Wilson focuses on whether Kentucky has waived Eleventh Amendment immunity and consented to suit in federal court for his KCRA claim. Plaintiff argues that the KCRA expressly

waived sovereign immunity and that therefore this Court may properly exercise supplemental jurisdiction over such claims.  In support of his argument Plaintiff cites decisions from the Kentucky Supreme Court and the Kentucky Court of Appeals.  *See Furr*, 23 S.W.3d 615; *McNeil v. Amour and Co.*, 660 S.W.2d 957 (Ky. Ct. App. 1983).  However, neither of these decisions address whether the Commonwealth waived its immunity or consented to suit in federal court under the KCRA.  Wilson provides no other authority to support his position.  Wilson's supplemental claims under KCRA are barred by the Eleventh Amendment.  Thus, Plaintiff's supplemental claims for violations of the KCRA are properly dismissed.

Accordingly, **IT IS ORDERED**:

(1) that Defendants' motion for partial dismissal [Record No. 4] of Plaintiff's supplemental claims under KCRA be, and the same hereby is, **GRANTED**, and

(2) that Plaintiff's supplemental claims under KRS Chapter 344, be and the same hereby are, **DISMISSED WITH PREJUDICE.**

This the 14th day of November, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge